# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

### "FOURTH AMENDED"

## CIVIL RIGHTS COMPLAIN FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

MUSTAFA C. LEE,

Inmate ID Number:M17233,

Plaintiff,
*(Write the full name and inmate ID*
*Number of the Plaintiff.)*

Provided to Madison C.I. on

4-29-20 for mailing by ____ M·L
Date                    Initials

**Case No.: 4:19cv210-RH-MAF**

**v.**

CENTURION, LLC, OF FLORIDA,
DR. BENJAMIN HASTY,
DR. A MOLSBEE,

**Jury Trial Requested?**
**x YES □ NO**

Respondents.
*(Write the full name of each Defendant*
*who is being sued. If the names of all*
*the Defendants cannot fit in the space*
*above, please write "see attached" in*
*the space and attach an additional*
*page with the full list of names.)*

_____/

FILED USDC FLND TL
MAY 1 '20 PM5:04

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

Plaintiff's Name: Mustafa C. Lee  ID Number: M17233

List all other names by which you have been known: Robert Lee

Current Institution: Madison C.I. Main Unit

Address: 382 S.W. MCI Way, Madison Fl., 32340

B. Defendant(s)

State name of the Defendant, whether an individual, government agency, organization, or corporation.   For individual Defendants, identify the person's official position or job title, and mailing address.   Indicate the capacity in which the Defendant is being sued.  Do this for *every* Defendant:

1. Defendant's Name: Centurion of Florida, LLC.

   Official Position: Official  Health Care Provider for F.D.O.C.

   Employed at: CT Corporation Systems

   Mailing Address: 1200 Pine Island Road, Plantation Fl., 33324

   ☐ Sued in Individual Capacity         ✕ Sued in Official Capacity


2. Defendant's Name: Dr. Benjamin Hasty

   Official Position: Ophthalmologist

   Employed at: Florida Department of Corrections

Mailing Address: P.O. Box 628, Lake Butler, Fl. 32054

✕ Sued in Individual Capacity          ☐ Sued in Official Capacity

3. Defendant's Name: Dr. A. Molsbee

Official Position: Health Administrator

Employed at: Florida Department of Corrections

Mailing Address: 110 Melaleuca Dr., Crawford, Fl. 32327

✕ Sued in Individual Capacity          ☐ Sued in Official Capacity

*(Provide this information for any additional Defendants in this case by attaching additional pages as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against *(check all that apply)*:

☐ Federal Officials *(Bivens case)*      X State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee        ☐ Civilly Committed Detainee

X Convicted State Prisoner       ☐ Convicted Federal Prisoner

☐ Immigration Detainee        ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** which show why you are entitled to relief. Describe how ***each*** Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. ***Facts no related to this same incident or issue must be addressed in a separate civil rights complaint.***

1. This civil rights complaint is being initiated by Mustafa Lee, "Plaintiff," a disabled incarcerated person who suffers from permanent blindness in his left eye via total retinal detachment. The Plaintiff submits that the evidence for this

cause will provide that this irreversible condition can be directly attributed to an unreasonable delay in medical treatment which was caused by a deliberate indifference to a serious medical need, and that the Defendants' reckless disregard in the face of ongoing urgent complaints clearly violated the Eight Amendment's prohibition against cruel and unusual punishment.

2. While housed at Taylor Correctional Institution, during July of 2015, the Plaintiff began to experience headaches and blurry vision. The Plaintiff informed the prison medical staff of the issues via the sick-call request process. The Plaintiff was seen for a routine sick-call visit regarding his headaches and blurry vision by Dr. T. Lopez ("Dr. Lopez") of Centurion Health. Dr. Lopez indicated that the Plaintiff was suffering from a "visual disturbance" on a "Consultation Request/Consultants Report" form (hereinafter, "CR/CR form"). Subsequently, on February 12, 2016, Dr. J. DeJesus-Kail, recommended surgery .

3. The Plaintiff filed a grievance via the institution grievance procedure, complaining that he had not received any medical treatment for his eye issues, filed on March 16, 2016. On March 28, 2016, the Health Administrator for Wakulla Correctional Institution Annex (the Plaintiff's new institution at that time) Dr. A. Molsbee (Defendant) denied relief stating that, "...**the optometrist did send a consult to the regional medical director and noted, he stated that**

**you meet your activities of daily living with your normally corrected vision in one eye."**

4. On May 3, 2016, the Plaintiff was seen by Dr. A Scoggins ("Dr. Scoggins"), of Wakulla C.I., where he was once again diagnosed with bi-lateral cataracts. Dr. Scoggins saw the Plaintiff again on June 7, 2016. Dr. Scoggins indicated on a CR/CR form the following: 33 y/o m in significant need for referral for cataract eval. Vision has ↓ from 20/20 to 20/80 with rapid cataract progression & is not normal for his age. Maybe systemic reason O.D." On the same day, the Plaintiff was seen by Dr. Kelli Parks, ("Dr. Parks") certified optometrist. Dr. Parks indicated on a CR/CR form that, **"...standard of care necessitates evaluation by ophthalmology."** Dr. Scoggins again noted on July 5, 2016, on a CR/CR form, "cataracts on vision worsening. No view OS through cataract."

5. **On August 10, 2016**, Dr. Benjamin Hasty (Defendant) ("Dr. Hasty") performed cataract laser surgery on the Plaintiff's left eye at Reception and Medical Center ("R.M.C.") Lake Butler, Florida. On August 17, 2016, the Plaintiff was seen by Dr. Hasty. Dr. Hasty indicated on a CR/CR form that the Plaintiff needed to be seen in "...1.5 weeks then taper off meds + do dilated retinal exam then." The report is stamped by Dr. A. Ladel ("Dr. Ladel"), D.O. Medical Director at R.M.C.; the report is marked "Urgent."

6. On August 23, 2016, Dr. Maxon, at R.M.C., noted on a CR/CR form that,

   **"Plaintiff needed to be seen by an ophthalmologist for follow up...and**

possible eye infection." The form was marked as "**Urgent.**" Dr. Maxon's CR/CR form is stamped by Dr. Ladel. The Plaintiff was then sent back to Wakulla C.I. where on November 17, 2016, he was seen by A. Acosta ("Dr. Acosta") Cite Medical Director for Wakulla C.I. Dr. Acosta noted on a CR/CR form regarding the Plaintiff's eyes, "**Urgent,**" and "**evaluation ASAP.**" Dr. Parks saw the Plaintiff on November 17, 2016 as well. Dr. Parks noted that the Plaintiff's cataract surgery "...did not improve vision, maybe posterior vitritis/inflammation..." and to refer to a retinal specialist "**ASAP.**" Dr. Parks noted that "Dr. Hasty had asked for follow up to R.M.C."

7. Sometime in December of 2016, Dr. Hasty produced a written report indicating, "**...only now seen [ ] [patient] mature lens removed few months ago-likely pre-existed (I had asked for a dilated exam @ F/U, F/U did not occur.)**" "**Seen Urgent**" referral for chronic retinal detachment (os). Refer to Southern Vitreo Retinal Association in Tallahassee.**"

8. Finally, on March 6, 2017, the Plaintiff was seen at the Tallahassee office of Southern Vitreoretinal Association, P.L., by Dr. Emily D. Ashmore ("Dr. Ashmore"). Dr. Ashmore did treat the Plaintiff's right eye with "prophylactic laser" to create a barrier seal to prevent a retinal detachment. Dr. Ashmore also assessed the Plaintiff's left eye and concluded any treatment had more risks than benefits. Dr. Ashmore diagnosed the Plaintiff's left eye with, "...**total retinal detachment along with PVR fibrosis, and eye has become**

phthisical." Dr. Ashmore explained to the Plaintiff, that **had he been brought to her sooner after the surgery, she could have saved his left eye.** On April 3, 2017, Dr. Ashmore followed up with the Plaintiff. Dr. Ashmore determined that the surgery in the right eye for the retinal hole is "well sealed."

9.  On June 13, 2017, the Plaintiff was seen at Wakulla C.I. the Plaintiff was seen by Dr. Acosta. Dr. Acosta indicated on a CR/CR form that the Plaintiff's vision was getting worse in his right eye and "…follow-up required ASAP." The Plaintiff saw Dr. Ashmore on follow-up at the Southern Vitreoretinal Association on August 15, 2017. Dr. Ashmore indicated that the Plaintiff's hole in the "superatemporal quadrant of the right eye was still well sealed…" and the left eye had not changed from the last visit.

10.   On August 13, 2018, the Plaintiff was seen on follow-up by Dr. Ashmore. Dr. Ashmore noted no changes in the right or left eye. Dr. Ashmore further indicated, "The left eye is phthisical as well. Explained that there no benefits to surgical intervention."

11. By August of 2018, the Plaintiff was back at Taylor C.I. On August 8, 2018, the Plaintiff filed a formal grievance asserting that the medical staff had shown deliberate indifference and that he was informed by Dr. Ashmore that **he should sue DOC**. The grievance was returned without action. On September 7, 2018, the Plaintiff field yet another grievance asserting Dr. Ashmore's recommendation to sue DOC and requesting a second medical opinion from a

different institution. On September 28, 2018, the Plaintiff followed-up with another grievance explaining that he still suffered pain and is permanently blind. The Plaintiff requested the DOC to investigate the matter further. Dr. Errol Campbell, denied the grievance.

12. On November 9, 2018, the Plaintiff was seen for the last time by Dr. Ashmore at the Southern Vitreoretinal Association. Dr. Ashmore indicated that the Plaintiff suffers from **"lattice degeneration in the right and left eye..."** On November 14, 2018, the Plaintiff filed a formal grievance asserting that the action of the medical staff caused his blindness. On November 27, 2018, Dr. Richard Laubaugh ("Dr. Laubaugh") Chief Health Officer Taylor C.I., denied the grievance stating: **"Blindness does not come from lack of follow up appointment..."** The Plaintiff filed his final grievance on December 9, 2018. The Plaintiff asserted that he still suffers from headaches and that none of the previous complaints had been appropriately addressed. On January 1, 2019, Michelle Schouest responded and determined that the Plaintiff's issues had been already addressed. A few days prior, on December 27, 2018, Dr. Laubaugh noted on a CR/CR form as "Urgent," then detailing the history of the Plaintiff's issues in short form.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

Defendant Centurion LLC., of Florida

Centurion of Florida, LLC. Is liable for the actions and inactions or its staff by way of the knowledge and allowance of practice and procedures in the Plaintiff's case which is demonstrative of deliberate indifference in the face of a serious medical need, hereby evidencing a policy under which such indifference occurs, and will continue to occur without court intervention. The facts as stated above present three doctors, all employed by or through, Centurion of Florida, LLC., in the face of serious medical need by the Plaintiff, either delayed crucial medical treatment, or denied outright medical care. This is evident by the terms and verbiage used to deny relief to the Plaintiff such as "meeting the needs of daily activities..." and "Blindness does not come from lack of follow up..." Further, the time delay that ultimately caused the Plaintiff to be blind in his left eye, as acknowledged and advised by Dr. Ashmore, the Plaintiff asserts is a demonstration of deliberate indifference based on corporate policy. The Plaintiff is an inmate in the Florida Department of

Corrections, and because of this position cannot obtain without the assistance of this Court, Centurion of Florida's policy and procedure directives. The policy and procedures of the F.D.O.C. do not specify exactly how the healthcare provider specifically determines time frames for medical treatment, and what constitutes "urgent" follow up under their policy. However, it is the accusation of the Plaintiff that Centurion of Florida's either direct or indirect policy, or corporate culture that has allowed the doctors in this matter to cause a lifelong handicap, and permanent loss of eyesight of the Plaintiff.

<u>Defendant Dr. Benjamin Hasty</u>

Dr. Benjamin Hasty, is the surgeon that performed the original laser surgery to treat the Plaintiff's cataracts. Based on the facts as presented above, it is Dr. Hasty that did not actually initiate the process for the Plaintiff to be seen by an outside retinal specialist until four months after the surgery was performed, even after Dr. Maxon warned of a possible eye infection just days after the surgery. Dr. Hasty, demonstrated by the facts, scheduled a follow-up for the plaintiff and by his own words, the follow up "did not occur." The retinal specialist, Dr. Emily Ashmore, explained to the plaintiff that the delay from the time of the surgery until the Plaintiff was seen by her at the Southern Vitreoretinal Association, P.L., Tallahassee, Florida, in March of 2017 (six months after the surgery) was the ultimate cause of the Plaintiff's injury. Dr. Hasty, in his individual capacity, demonstrated deliberate indifference in the

face of the Plaintiff's serious medical need that ultimately caused the Plaintiff to be blind in his left eye. Further, it was Dr. Hasty's negligence during the surgical procedure that set the symptoms in motion that ultimately caused the blindness in the Plaintiff's left eye.

<u>Defendant Dr. A. Molsbee</u>

Dr. Molsbee had an opportunity to initiate the appropriate standard of care that could have ultimately saved the Plaintiff's vision in his left eye when he received the initial grievance that the Plaintiff sent complaining of the headaches and blurry vision. Instead, Dr. Molsbee, in his individual capacity, chose to deny helping the Plaintiff as demonstrated by his response stating the Plaintiff "...meet all your daily activities through the use of your normal corrected vision in one eye." Dr. Molsbee's failure to act ultimately resulted in the violation of the constitutional right of the Plaintiff; and further demonstrated his deliberate indifference in the face of the Plaintiff's serious medical need. Dr. Molsbee's act set in motion a series of events the he knew, or should have reasonably known would cause a constitutional violation.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes. If requesting money damages (*either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

The Plaintiff is seeking compensatory damages from each of the above Defendant's based on the Plaintiff's physical pain, quality of life, and actual injury, in the amount of $250,000.00 each.

The Plaintiff asks this Court to award punitive damages based on the Defendants' blatant disregard to his constitutional rights in the amount of $250,000.00 each.

The Plaintiff asks this court to grant declaratory judgment in the form of a binding statement that Centurion of Florida, LLC., recognizes the constitutional rights of the inmates it serves, and will refrain from exercising deliberate indifference to any serious medical need of any inmate under their care; and any prospective violation of said constitutional rights of any inmate under their care will result in an injunction enforced by the laws of the United States government.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act...." 42 U.S.C. § 1997e(e).*

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative

remedies (grievance procedures) before bringing a case. 42 U.S.C. §

1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior*

*to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from*

*bringing a case without full payment of the filing free at the time of case*

*initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a*

*court of the United States that was dismissed on the grounds that it is*

*frivolous, malicious, or fails to state a claim upon which relief may be*

*granted, unless the prisoner is under imminent danger of serious physical*

*injury." 28 U.S.C. § 1915(g).*

A. To the best of my knowledge, have you had any case dismissed for a

reason listed in § 1915(g) which counts as a "strike"?

☐ YES   ✕ NO

If you answered yes, identify the case number, date of dismissal and

court:

1. Date: _____   Case #: _____

Court: _____

2. Date: _____ Case #: _____

Court: _____

3. Date: _____ Case #: _____

Court: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either ***state or federal court*** dealing with the same facts or issue involved in this case?

☐ YES   X NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☐ YES   ✕ NO

If you answered yes, identify the lawsuits:

1. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

   Reason: _____

2. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

   Reason: _____


3. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

   Reason: _____

4. Case #: _____   Parties: _____

   Court: _____   Judge: _____

   Date Filed: _____   Dismissal Date *(if not pending)*: _____

Reason: _____

5. Case #: _____   Parties: _____

Court: _____   Judge: _____

Date Filed: _____   Dismissal Date *(if not pending)*: _____

Reason: _____

6. Case #: _____   Parties: _____

Court: _____   Judge: _____

Date Filed: _____   Dismissal Date *(if not pending)*: _____

Reason: _____

*(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**)*

## VII.   CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct.  Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by non-

frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 4-29-20    Plaintiff's Signature: _Mustafa Lee_

Printed Name of Plaintiff: _MUSTAFA LEE_

Correctional Institution: _MADISON C. I._

Address: _382 S. W. MCI WAY, MADISON, FLORIDA_

_32340_

**I certify and declare, under penalty of perjury, that this complaint was (check one) ☑ delivered to prison officials for mailing or ☑ deposited in the prison's mail system for mailing on the _29th_ day of _APRIL_, 20 _20_ .**

Signature of Incarcerated Plaintiff: _Mustafa Lee_

## <u>CERTIFIICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was sent to each Defendant listed above through the Clerk of the United States District Court of the Northern District's Office, with the exception of Centurion of Florida, LLC., Represented by Kayla E. Platt Rady, and Linda Bond Edwards of Rumberger, Kirk, & Caldwell, P.A., who were served by furnishing a copy hereof to prison officials for mailing via First Class U.S. Mail, postage prepaid, to P.O. Box 10507, Tallahassee, Fl. 32302-2507; on this day 4-29-20 _____.

/s/ _Mustafa Lee_

Mustafa Lee, D.C. # M17233
Madison C.I. Main Unit
382 S.W. M.C.I. Way
Madison, Fl. 32340

3

**Madison Correctional
Institution**

382 S. W. MCI Way

Madison, Florida 32340

MAILED FROM
MADISON CORRECTIONAL
INSTITUTION



ZIP 32340
02 4M
0000348116 APR 29 2020   $ 002.20

TO: UNITED STATES DISTRICT COURT
NOETHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
TALLAHASSEE, FLORIDA 32301 - 7730

**LEGAL MAIL
ONLY**

I hereby certify to Madison C.I. on
1-24-20 for mailing by _____ pay _____ M·L