UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MUSTAFA LEE,

    Plaintiff,

v.                                    Case No. 4:19cv210-RH-HTC

CENTURION OF FLORIDA, LLC, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on four pending motions: Plaintiff's Motion for Appointment of Counsel/Motion to Stay Proceedings (ECF Doc. 51); Centurion of Florida, LLC's ("Centurion") Motion for a sixty (60) day extension of discovery and associated deadlines (ECF Doc. 52); Dr. Hasty's Motion for Extension of Time, joining Centurion, (ECF Doc. 55); and Plaintiff's Motion for Enlargement of Time/Motion to Appear Telephonically/Motion for Pre-Trial Hearing (ECF Doc. 54). Upon consideration and for the reasons set forth below, the Court will (1) grant Plaintiff's motion for appointment of counsel to the extent discussed below, (2) extend the discovery and expert disclosure deadlines; and (3) deny Plaintiff's motion for a pre-trial hearing.

## I.     PLAINTIFF'S MOTION TO APPOINT COUNSEL

The *in forma pauperis* statute provides that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a civil plaintiff has no constitutional right to the appointment of counsel, *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999), the Court may appoint counsel in a civil case on a showing of "exceptional circumstances." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotations omitted). Several factors may be considered, such as the type and complexity of the case, whether the litigant is capable of presenting his case, and whether the appointment of counsel will aid the court and assist in a just determination, among others. *See Ulmer v. Chandler,* 691 F.2d 209, 213 (5th Cir. 1982).

Plaintiff seeks the appointment of counsel because he is legally blind, which creates an "insurmountable disadvantage" and Plaintiff is limited to the "sporadic support of the prison law library," which has been restricted due to COVID-19. ECF Doc. 51 at 3. Although the Court finds the restrictions due to COVID-19 are issues that face many prisoners and thus do not create "exceptional" circumstances justifying the appointment of counsel, the Court finds Plaintiff's status as a blind inmate warrants the posting of a request for counsel.

Plaintiff alleges he is permanently blind in his left eye. ECF Doc. 23. Plaintiff has continuously informed the Court that he relies on the prison law library and the

prison law clerks to assist him with his legal filings. ECF Docs. 45, 47, 51. Plaintiff's limited ability to read and write without assistance will make it difficult for him to adequately prepare his case. *See Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing the district court's denial to appoint counsel and remanding for further proceedings because "the court did not address the challenges that . . . a blind indigent prisoner with a tenth-grade education and no legal experience[e] faced in being able to depose witnesses, doctors, and other allegedly resistant prison personnel."); *see also, Pennewell v. Par.*, 923 F.3d 486, 491-92 (7th Cir. 2019) (reversing and remanding the district court's judgment with instructions to appoint counsel because, among other things, prisoner's "claims involved complex medical issues including retinal detachment, macular tears, vitrectomy, artificial lenses, laser surgery" and "he was legally blind and required visual aids to read and write.").

However, because the Court does not have the authority to require an attorney to represent an indigent litigant in a civil case, *see Mallard v. The United States District Court for the S.D. Iowa*, 490 U.S. 296, 301-02 (1989), the Court will request representation from a volunteer attorney for Plaintiff through the Court's electronic filing system. Plaintiff is advised, however, that this request does not guarantee him representation in this case.

## II. PLAINTIFF'S MOTION TO STAY AND DEFENDANTS' MOTIONS FOR EXTENSION OF TIME

Along with Plaintiff's request for counsel, Plaintiff also sought to stay the Court's October 12, 2020 rule 26 expert disclosure deadline until his motion to appoint counsel had been resolved (ECF Doc. 51). However, on November 23, 2020, Plaintiff filed a motion seeking, among other things, an enlargement of the discovery period until the resolution of his pending motions. (ECF Doc. 54).

Defendants, Centurion and Dr. Hasty, have also filed motions seeking an extension of the discovery deadlines. ECF Docs. 52, 55. Specifically, Defendants seek to extend the discovery deadline through January 25, 2021 "in order to subpoena medical records from outside medical facilities and providers as indicated in Plaintiff's FDOC inmate and medical file" and to potentially take Plaintiff's deposition. ECF Doc. 52 at 3.

Because Plaintiff's motion to stay the rule 26 expert disclosure deadline was properly filed before the deadline expired[1] and because it does not appear that Plaintiff opposes an extension of the discovery deadline, the undersigned finds that the parties' motions seeking an extension should be GRANTED.

---

[1] Although the docket reflects that Plaintiff's Motion to Stay Proceedings was filed on October 13, 2020, one day after the Court's Rule 26 expert disclosure deadline, Plaintiff hand delivered his motion to the prison officials on October 8, 2020, which is the date used for prisoner filings.

Case No. 4:19cv210-RH-HTC

To the extent Plaintiff still seeks a stay of the expert disclosure deadline, however, it is denied. Plaintiff asserts that the appointment of counsel is necessary to obtain an appropriate expert witness. ECF Doc. 51 at 2-3. However, as stated above, the Court is without authority to require an attorney to represent Plaintiff and the Court's posting of Plaintiff's case does not guarantee that a lawyer will volunteer to represent Plaintiff. Plaintiff has an obligation to prosecute this case *regardless* of whether counsel appears in this case. Thus, the Court finds a stay to be inappropriate and contrary to judicial efficiency.

Moreover, regardless of whether any counsel volunteers to represent Plaintiff, this Court may appoint an expert witness under Federal Rule of Evidence 706 if it determines that one is necessary to assist the Court. *See Pedraza v. Jones*, 71 F.3d 194, 197 n.5 (5th Cir. 1995) (affirming refusal to appoint expert where movant "requested an appointment only for his own benefit"); *Owens v. Moring*, 3:19cv2050, ECF Doc. 42 at 4 (N.D. Fla. Mar. 9, 2020) (holding that Rule 706 "is designed to assist the Court and not just one of the parties"). Plaintiff, however, has not moved for this Court to appoint an expert witness and any such motion at this juncture in the proceedings would be premature.

### III. PLAINTIFF'S MOTION TO APPEAR TELEPHONICALLY AND MOTION FOR PRE-TRIAL HEARING

Finally, Plaintiff moves the Court for an order setting "a pre-trial hearing" and an order allowing him "to appear telephonically to any hearing or in-court

Case No. 4:19cv210-RH-HTC

proceeding." ECF Doc. 54 at 2.  As support for his motion, Plaintiff cites Federal Rule of Civil Procedure 26(f).

On November 23, 2020, the undersigned issued a report and recommendation on Dr. Hasty's and Molsbee's motions to dismiss, recommending that Dr. Hasty's motion be denied and Molsbee's motion be granted.  ECF Doc. 53.  The time for objections has not yet run on the report and recommendation.  Thus, the district judge has not considered the report and recommendation.  Until the report and recommendation is addressed, neither Dr. Hasty nor Molsbee are obligated to file an answer.  Therefore, Plaintiff's request for a pretrial hearing is premature.  Plaintiff may renew his request to appear telephonically, as necessary, should any pretrial hearings be set in this matter.

Accordingly, it is ORDERED:

1. Plaintiff's motion requesting appointment of counsel, ECF Doc. 51, is GRANTED to the extent described below.

2. The clerk is directed to publish on the Court's public website an announcement of *pro bono* opportunity pertaining to this case. The announcement must state:

> This is a notice of an opportunity to provide pro bono representation in a case ready for dispositive motions in Pensacola. The case is *Lee v. Centurion of Florida, LLC, et al.*, Case No. 4:19cv210-RH-HTC.

Case No. 4:19cv210-RH-HTC

      Plaintiff, an inmate in the custody of the Florida Department of Corrections, currently incarcerated at the Madison Correctional Institution Annex in Madison, Florida, seeks relief under 42 U.S.C. § 1983 against the institution's medical provider and two physicians, as a result of an alleged delay in medical treatment beginning in July 2015 resulting in permanent blindness to his left eye, while Plaintiff was an inmate at the Madison Correctional Institution Annex.

      Public funds are not available for payment of attorney's fees. Fees may be recoverable under applicable law if plaintiff ultimately prevails. *See* 42 U.S.C. § 1988. Limited funds sometimes are available from the district's Bench and Bar Fund for payment of out-of-pocket expenses incurred by attorneys providing representation of this type.

      Members of the District's bar will be afforded access to the electronic docket without charge for the purpose of considering whether to undertake the representation. Any attorney who wishes to provide representation should contact Plaintiff directly and may enter the case by filing a notice of appearance. If counsel appears, the Court will hold a scheduling conference by telephone.

3.     The clerk is also directed to send this Order to all members of the Court's bar who receive electronic noticing. Interested attorneys should contact Plaintiff directly.

4.     Plaintiff's motion requesting a stay (ECF Doc. 51) is DENIED.

5.     Centurion of Florida, LLC's Motion for Extension of Discovery and Associated Deadlines (ECF Doc. 52), Plaintiff's motion for an enlargement of time (ECF Doc. 54), and Dr. Hasty's Motion for Extension of Time (ECF Doc. 55) are GRANTED.

6.     The Final Scheduling Order (ECF Doc. 44) is amended only as follows:

      a.     The parties must provide Rule 26(a)(2) disclosures of expert witnesses and their reports/opinions by **December 18, 2020**.

      c.     All discovery must be completed by **February 1, 2021**.[2]

      d.     All motions for summary judgment shall be filed no later than twenty-one (21) days after the close of discovery.

7.     Plaintiff's motion to appear telephonically and for a pretrial hearing (ECF Doc. 54) is DENIED.

8.     Plaintiff is warned that nothing in this order eliminates Plaintiff's obligation to continue to prosecute this case, including continuing to engage in discovery and responding to motions or orders of the Court.

DONE AND ORDERED this 30th day of November, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Given the intervening holidays as well as the pending report and recommendation, the Court is extending the deadlines for a period greater than 60 days.

Case No. 4:19cv210-RH-HTC