IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MUSTAFA LEE,

    Plaintiff,

v.                                        CASE NO. 4:19cv210-RH-HTC

CENTURION OF FLORIDA, LLC,
DR. BENJAMIN HASTY, and
ALICE MOLSBEE,

    Defendants.

_____/

## ORDER DISMISSING THE CLAIMS AGAINST MS. MOLSBEE AND DENYING DR. HASTY'S MOTIONS TO DISMISS

    The plaintiff Mustafa Lee came into the Florida Department of Corrections with vision in two eyes and now has vision in one. He asserts claims under the Eighth Amendment and 42 U.S.C. § 1983 against the Department's contracted medical provider, Centurion of Florida, LLC, and two individuals, Dr. Benjamin Hasty and Alice Molsbee. The individuals have filed separate motions to dismiss. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 53, and Dr. Hasty's objections, ECF No. 57. I have reviewed de novo the issues raised by the objections.

The recommendation is to deny Dr. Hasty's motion but to dismiss the claim against Ms. Molsbee for failure to exhaust administrative remedies. This order accepts the report and recommendation and, with two exceptions, adopts it as the court's opinion. The exceptions relate to exhaustion of the claim against Ms. Molsbee.

Before turning to the exceptions, a brief comment is in order in response to Dr. Hasty's objections. He performed cataract surgery on Mr. Lee, saw Mr. Lee a week later, and said Mr. Lee should have another follow-up visit and dilated retinal exam. The follow-up visit and dilated retinal exam did not happen. Dr. Hasty says this wasn't his fault, and it may not have been. But Mr. Lee's allegations must be accepted as true for purposes of the motions to dismiss. Mr. Lee alleges, in effect, that Dr. Hasty performed cataract surgery, that Dr. Hasty believed Mr. Lee needed a retinal exam, that a retinal exam was not performed, that Mr. Lee ended up blind as a result of a detached retina, and that the doctor who finally found the detached retina said she could have saved the eye had Mr. Lee gotten to her in time. Dr. Hasty says he could properly rely on others to schedule the necessary follow-up procedures, but on the motion to dismiss, one cannot properly conclude that the fault lay only in the absence of follow-up procedures, or that, in any event, Dr. Hasty had no further responsibility to ensure those procedures took place. This is so even if, as may or may not be true, Mr. Lee

did not have a fully or partially detached retina and needed only cataract surgery when Dr. Hasty first saw him.

The first exception to adoption of the report and recommendation as the court's opinion is the statement that the Prison Litigation Reform Act "requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved . . . as the prisoner reasonably can provide." ECF No. 53 at 9-10 (quoting *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000)). It is not at all clear that the *Brown* dictum sets out the correct standard, *see Goldsmith v. White*, 357 F. Supp. 2d 1336, 1338-40 (N.D. Fla. 2005), but the outcome here would be the same either way.

The second exception is the statement that a "plaintiff must exhaust his available administrative remedies as to *each claim* and *each party* set forth in his complaint." ECF No. 53 at 19 (emphasis in original) (citing *Martinez v. Minnis*, 257 F. App'x 261, 265 n. 5 (11th Cir. 2007)). The *Martinez* footnote does not speak to the need to identify individuals, and *Brown* makes clear that identifying individuals is not always required. What matters is alerting the Department of Corrections to the problem, not skillful pleading. Mr. Lee's problem here is not that he failed to identify Ms. Molsbee but that he failed to alert the Department to the problem she was involved in, as explained in detail in the report and recommendation.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. Ms. Molsbee's motion to dismiss, ECF No. 36, is granted. The claims against Ms. Molsbee are dismiss for failure to exhaust administrative remedies. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. Dr. Hasty's motion to dismiss, ECF No. 41, is denied.

4. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on February 6, 2021.

                                              s/Robert L. Hinkle
                                              United States District Judge