IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MUSTAFA LEE,

    Plaintiff,

v.                CASE NO. 4:19cv210-RH-HTC

CENTURION OF FLORIDA, LLC et al.,

    Defendants.

_____/

**ORDER GRANTING SUMMARY JUDGMENT
FOR DR. HASTY BUT NOT FOR CENTURION**

The plaintiff Mustafa Lee became blind in his left eye while a prisoner in the Florida Department of Corrections. He asserts the cause was deliberate indifference to his serious medical needs. He originally asserted claims under the Eighth Amendment and 42 U.S.C. § 1983 against the Department's contracted medical provider, Centurion of Florida, LLC, and two named individuals, Dr. Benjamin Hasty and Alice Molsbee. A prior order dismissed the claims against Ms. Molsbee for failure to exhaust administrative remedies.

The remaining defendants, Centurion and Dr. Hasty, have filed separate motions for summary judgment. The motions are before the court on the magistrate

judge's report and recommendation, ECF No. 85, and the objections, ECF Nos. 86, 87, and 88. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that summary judgment should be granted for Dr. Hasty but not for Centurion. Only two issues, both raised by Centurion, warrant further discussion.

First, the record establishes that medical professionals to whom Centurion sent Mr. Lee repeatedly called for prompt additional steps, sometimes labeled urgent, but that Centurion took the steps only after long, unexplained delays. Centurion says it cannot be held liable for the delays.

Centurion can be held liable under § 1983 for an employee's or agent's constitutional violation only if the violation was based on Centurion's policy or custom or if the employee or agent is one whose edicts or acts may fairly be said to represent corporate policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (adopting this standard for municipalities).

Centurion says, with no factual support, that the delays at issue here did not result from a policy or custom. But there were repeated delays, and Centurion has offered no explanation for them. This was not a single, isolated incident. A reasonable inference is that this was Centurion's custom, if not its policy.

Second, Centurion says Mr. Lee would have become blind in his left eye anyway—that the delay made no difference. Three circumstances cut the other

way. First, Centurion's own medical professionals said Mr. Lee needed prompt additional treatment; they must have thought it might make a difference. Second, a delay in treatment sometimes causes harm separate and apart from the ultimate outcome; this is one reason why medical professionals treat even those who are terminally ill. And third, according to Mr. Lee's sworn testimony, one of his treating ophthalmologists told him the delay caused the blindness.

To be sure, the ophthalmologist herself has not testified to this. Centurion says Mr. Lee's testimony about what the ophthalmologist said is inadmissible hearsay. But at least according to Mr. Lee, the ophthalmologist said this in the course of her treatment of Mr. Lee—the treatment Centurion hired her to provide. Under Federal Rule of Evidence 801(d)(2)(D), a statement by an opposing party's "agent or employee on a matter within the scope of that relationship and while it existed" is not hearsay. *See, e.g.*, *Chatham v. Adcock*, 334 Fed. App'x. 281, 286 n.11 (11th Cir. 2009) (noting district court's admission of nurse's statement under Rule 801(d)(2)(D) when offered by prisoner against jail administrator); *Talton v. Deese*, 2020 WL 1066988, *1, *5 n.2 (M.D. Ga. Mar. 5, 2020) (holding nurse's statement admissible under Rule 801(d)(2)(D) when offered by prisoner against sheriff responsible for jail).

Centurion is not entitled to summary judgment.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. Dr. Hasty's summary-judgment motion, ECF No. 74 is granted. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

3. Centurion's summary-judgment motion, ECF No. 75, is denied.

SO ORDERED on October 18, 2021.

                        s/Robert L. Hinkle
                        United States District Judge